UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 15-CR-6085-FPG
DECISION AND ORDER

WINIFREDO GONZALES,

Defendant.

## INTRODUCTION

On June 4, 2021, Defendant Winifredo Gonzales, an inmate incarcerated at FCI Allenwood Medium ("Allenwood"), filed a *pro se* Motion for Compassionate Release due to the COVID-19 pandemic. ECF No. 84. On August 5, 2021, the Court denied Defendant's motion on the grounds that Defendant could not demonstrate extraordinary and compelling reasons to justify his release and the Section 3553(a) factors did not weigh in favor of release. ECF No. 89.

On October 27, 2021, Defendant filed a Motion for Reconsideration of the Court's August 5, 2021, Order, again asserting that his health issues and conditions of confinement justified his release. ECF No. 90. In addition, Defendant argued that the conditions of confinement violate his Eighth Amendment right and therefore justify his release. *Id.*

For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

On August 20, 2018, Defendant pled guilty to a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine. ECF No. 55. The mandatory minimum term of imprisonment on such a charge is ten years and the maximum possible sentence is life. *Id.* On December 17, 2018, the Court sentenced Defendant to

a term of imprisonment of 151 months followed by a five-year period of supervised release.  ECF No. 78 at 7-8.  Defendant's projected release date is October 31, 2025.  ECF No. 88 at 1.

## DISCUSSION

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  The decision to grant a motion for reconsideration is within "the sound discretion of the district court. . . ."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Defendant does not allege a change in law, new evidence, or the need to correct a clear error here.  In fact, the basis upon which he asserts extraordinary and compelling circumstances exist are the same basis which this Court previously determined did *not* establish extraordinary and compelling circumstances.  *Compare* ECF No. 90 at 2-5 *with* ECF No. 89 at 3-4.  In addition, since the Court issued its prior Decision and Order it appears that Defendant has been vaccinated for COVID-19, ECF No. 90 at 5, and recognizes that such vaccine is highly effective at preventing COVID-19.  *Id.*  This too, weighs against Defendant's release.  *See, e.g.*, *United States v. Mena*, No. 16 CR 850 (ER), 2021 WL 2562442, at *3 (S.D.N.Y. June 23, 2021) ("Access to an approved COVID-19 vaccine generally counsels against compassionate release based on COVID risk, due to the strong evidence of the effectiveness of each of the vaccines.").

Even if Defendant could establish extraordinary and compelling circumstances here, he has not made any assertion which would alter this Court's prior analysis of the Section 3553(a) factors. As this Court previously found, Defendant's original sentence was and remains appropriate, notwithstanding the pandemic. Defendant's projected release date is October 31, 2025—still over four years away. Reducing his more than 12-year sentence by over four years would not substantially satisfy the purposes of his original sentence, as it would fail to "reflect the seriousness of the offense, []promote respect for the law, [or] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). While "[a] just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease," *United States v. Vence-Small*, No. 3:18-cr-00031 (JAM), 2020 U.S. Dist. LEXIS 80576, at *11 (D. Conn. May 7, 2020), neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment.

Finally, Defendant asserts that the conditions of confinement at Allenwood are in violation of the Eighth Amendment, requiring his release. ECF No. 90 at 6-8. To the extent Defendant suggests the Court should construe this motion as a habeas petition under 28 U.S.C. § 2241, the court lacks jurisdiction to consider it. *See Rumsfeld v. Padilla*, 542 U.S. 426, 43 (2004) ("[F]or core habeas petitions challenging the present physical confinement, jurisdiction lies in only one district: the district of confinement.").

## CONCLUSION

For the reasons discussed, Defendant's motion for reconsideration, ECF No. 90, is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York